Daniels, J.
What the plaintiff claimed to recover in this action was the value of the steam yacht Eclipse, which he gave the defendant Smith the option to purcha¡se for the price of $1,150 on or before the 31st of March, 1884. The price was to be paid on the delivery of the steamer and upon her answering the representations contained in the proposal for her sale. The plaintiff was paid through the agency of the defendant Manning the sum of $600 upon the purchase price, and at his request the steamer had already been taken to the Seawanaka basin, which was under the control of this defendant. After she was taken there the plaintiff demanded the residue of the purchase price, claiming that the steamer and her machinery was in the condition represented in the proposals for her sale. That was denied by the defendant Manning, and the balance of the price was not paid. It was proposed to make a further inspection of the machinery of the steamer, but that was not done previous to the time when the plaintiff endeavored to resume possession of her, because of the non-payment of the residue of her price. The evidence on his part tended to prove, as it did in the case already considered, that he made no delivery of the yacht, but took her to the basin with the expectation that she would be received for the purchaser and the remainder of the purchase price paid. This was not done, but the further payment was refused, which, if the plaintiff’s evidence was reliable, entitled him to remain in the possession of the steamer. Under this asserted right he went to the basin and endeavored to regain possession of the steamer. She was not then in the custody of any person, but was partly aground and secured by a line in her position. While this endeavor was being made and the plaintiff had boarded the steamer, persons in the employ of the defendants, and including Mr. Hughes, who was one of them, having their attention directed to *206 what was taking place, interfered and prevented the plaintiff from obtaining the possession of the steamer. She was withheld from him, and up to the time of the commencement of the action he continued in that manner to be deprived of her possession. If the jury should believe this to be the true state of the case, the plaintiff was entitled to take possession of the steamer at the time, and to retain and hold it until the proposed inspection should be completed and the residue of the purchase money paid. And depriving him of that right was in legal contemplation a conversion of the property for which he was entitled to maintain his action, and recover the value of his remaining interest in it, which was equal to the unpaid purchase price.
During the progress of the trial he was asked whether he at any time delivered possession of the boat to the defendants or either of them, and the answer to this question Was excluded by the court upon the objection that it inquired for a conclusion of the witness. He was then asked whether there had been any conversation, or understanding with the defendants, or either of them, that he was to deliver the boat until he received the purchase price. This was in like manner excluded by the court and an exception taken to that decision. This evidence should have been received, for it was legally competent for the plaintiff to state whether - he had or had not delivered the boat to the defendants, or either of them, and whether any conversation or understanding had taken place waiving his right to insist upon the payment of the purchase price of the property, as a condition to her delivery. That right was reserved to him by the terms of the contract for the sale, and if he in no manner waived it by dehvering the boat, or by her acceptance on the part of the purchaser, they could not lawfully withhold her possession from him.
It was not necessary that he should return the money which he had received upon the price, but he had the right to insist, if the boat was as she was required to be to fulfil the terms of the sale, that the contract should be completed and the balance of the purchase price paid unless the purchaser, under the option given to him, refused to receive her, and himself rescinded the contract. And if he did that, then the plaintiff would clearly be entitled to the possession of the property, and it would be a conversion in law to withhold that possession from him. As the case was developed by the evidence, the questions presented by it were for the jury, and the complaint of the plaintiff should not have been dismissed.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
I concur, Beady, J.